PATTERSON, Chief Justice,
dissenting:
I do not share the view of the majority although I concede its opinion is in accord with the general laws of other states.
My dissent is based upon the disparity in treatment of Local Union # 845 United Rubber, Cork, Linoleum & Plastic Workers of America, Home Association, Inc. The litigants concede the union to be a fraternal organization, but disagree concerning the meaning of the word “benevolent.” If the word “benevolent” is to be defined as meaning most of the acts of the union must be of a charitable or benevolent nature, the majority is probably correct; but if the fraternal organization’s activities include benevolent acts, then it probably should have been granted the tax exemption. If we define “benevolent” as requiring a majority of the activities of the union to be of a benevolent *500 nature, then the danger arises that other fraternal and beneficent organizations have been erroneously granted tax exemption because there is a probability that most of their acts are self-serving and therefore are not “benevolent” although some of their activities are beneficial to the organization and thus indirectly to the public.
I think the board of supervisors and the circuit court erred in denying the tax exemption’ to this appellant.
SUGG, WALKER and BOWLING, JJ., join in this dissent.